**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OMEGA PATENTS, LLC,**

        **Plaintiff,**

**-vs-**                                                                 **Case No.  6:07-cv-1422-Orl-31DAB**

**LEAR CORPORATION,**

        **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES (Doc. No. 41)**
>
> **FILED:** February 19, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

At issue is the sufficiency of Defendant/Counter-Claimant Lear Corporation's responses to Interrogatories Nos. 13 and 14, propounded by Plaintiff. As explained in the motion, Lear has counterclaimed in this patent infringement suit, for a declaratory judgment of noninfringement. According to Plaintiff, in answer to prior interrogatories, Lear identified certain claim elements it contends are not found in the accused products. Omega "sought to clarify the issues by requesting Lear's interpretation of the specific claim terms identified *by Lear* as not being present in the accused products." (Doc. No. 41 at 3, emphasis original). Omega asked:

> Interrogatory No. 13:  Please provide your proposed interpretation of the claim term "paging controller", as used in the '167 Patent.

> Interrogatory No. 14: Please provide your proposed interpretation of the claim term "vehicle remote start controller," as used in the Patents-in-suit.

Lear responded by objecting to the Interrogatories as 1) vague and ambiguous because they seek Lear's interpretation of a term as used in the '167 Patent or Patents-in-Suit and "claims are construed, not patents;" 2) to the extent they sought information protected by attorney-client and work product privilege; and 3) as being "premature" contention interrogatories. Omega urges the Court to overrule these objections, find the Interrogatories to be appropriate, and Order Lear to provide a proper and verified response in five days.

Lear contends that it should not be required to construe the terms "vehicle remote start controller" and "paging controller" because "Lear's non-infringement positions at this time do not depend on any construction of the terms." That is, "Lear does not infringe the asserted claims under any construction of these terms." (Doc. No. 43). As these terms are not in dispute *at this time*, it asserts that it need not answer the interrogatories. In sum, Lear argues that the terms are irrelevant. Additionally, Lear contends that "to the extent Lear decides to base any aspect of its defense on the construction [of these terms], the disclosure of its constructions . . . is appropriate at the *end* of discovery in February 2009, not today." *Id.* at 5-6. These contentions are without merit.

Initially, the Court notes that Lear failed to object to either Interrogatory on relevancy grounds. Rather, as set forth above, Lear asserted that the Interrogatories were "vague and ambiguous,"[1] sought protected information,[2] and were premature. Having failed to object on relevancy grounds, Lear waived this contention.

---

[1] They are not, and Lear has apparently abandoned this argument by failing to address it in the Response.

[2] They do not, and Lear does not contend otherwise in its Response.

Even if relevancy were not waived, the Court finds the argument to be disingenuous. If, in fact, Lear is taking the position that it does not matter how the terms are construed, it can (and should) answer the Interrogatories by indicating that it has no objection to Omega's construction of the terms, as suggested in the motion.

Nor is the Court impressed with Lear's attempt to straddle the fence by contending that the terms are irrelevant *now,* but, if Lear is to change its mind (a right which it purports to expressly reserve), it will disclose its construction in February 2009. While contention interrogatories are often disfavored, in view of the fact that Lear has already responded to earlier Interrogatories by identifying specific claim elements it claims are lacking in its products, and Plaintiff has already provided its proposed claim interpretations (Doc. No. 43-3), there is no legitimate reason for delay in this context. *See, generally, Suncast Technologies, LLC v. Patrician Products, Inc.,* 2008 WL 179648 (S.D. Fla., Jan. 17, 2008 (slip opinion)); *Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566 (M.D. Fla., Feb. 13, 2008 (slip opinion)).

The objections are **overruled.** The motion is **granted.** Lear is **ordered** to answer the Interrogatories within five days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on March 14, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record