**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OMEGA PATENTS, LLC,**

                        **Plaintiff,**

**-vs-**                                    **Case No.  6:07-cv-1422-Orl-31DAB**

**LEAR CORPORATION,**

                        **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion for Judgment on the Pleadings (Doc. 42) filed by the Plaintiff, Omega Patents, LLC ("Omega") and the response (Doc. 42) filed by the Defendant, Lear Corporation ("Lear").  In its amended answer (Doc. 38), Lear raises – as an affirmative defense and a counterclaim – a claim that at least three Omega patents are unenforceable on the grounds of inequitable conduct.

**I.**     **Standards**

        **A.**     **Inequitable Conduct**

To establish the existence of inequitable conduct in a patent case, a party must present evidence of affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." *Ulead Systems, Inc. v. Lex Computer & Management Corp.*, 351 F.3d 1139, 1144 (Fed.Cir. 2003). After threshold findings of materiality and intent have been established by clear and convincing

evidence, the court must weigh them to determine if equity warrants a finding of inequitable conduct. *Id.*

### B.      Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Judgment on the pleadings under Rule 12(c ) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.  *Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002).

The standard applied to a Rule 12(c) motion is essentially if not entirely identical to the standard applied to a Rule 12(b)(6) motion.  *See ThurderWave, Inc. v. Carnival Corp.*, 954 F.Supp. 1562, 1564 (S.D.Fla. 1997) (citing cases).  In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the court must accept all allegations in the complaint as true and construe them in the light most favorable to the plaintiff  *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir.2006).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly* , ---U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation marks, citations, and brackets omitted). Furthermore, the plaintiff's factual allegations, when assumed to be true, "must be enough to raise

a right to relief above the speculative level." *Id*. at 1965.  District courts apply a fairly restrictive

standard in ruling on motions for judgment on the pleadings.  *Bryan Ashley Int'l, Inc. v. Shelby*

*Williams Indus., Inc.*, 932 F.Supp. 290, 291 (S.D.Fla. 1996) (citing 5A Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure § 1368 at 222 (2004)).

The standard for converting a Rule 12(c) motion to a motion for summary judgment is the

same as the standard for conversion of a Rule 12(b)(6) motion.  *Horsley v. Feldt*, 304 F.3d 1125,

1134 (11th Cir. 2002).  There are three exceptions to the rule that considering material outside of

the pleadings converts a motion to dismiss into a motion for summary judgment.  "First,

conversion will not occur if the court properly takes judicial notice of attached exhibits.  Second, a

document attached to the pleadings as an exhibit may be considered if it is central to the plaintiff's

claim and the authenticity of the document is not challenged.  Third, the conversion is harmless

and does not require notice if the parties, inter alia, made all arguments and submitted all the

documents they would have even with sufficient notice."  *Adamson v. Poorter*, 2007 WL 2900576

*2 (11th Cir. 2007) (internal citations omitted).

## II.     Application

Lear contends that the PTO previously rejected two claims from Omega's application for

what became U.S. Patent No. 6,812,829 (the "'829" Patent).  (Doc. 38 at 8).  One claim was

rejected as anticipated by another patent, known as the "Dery Patent," and the other was rejected

as obvious in light of the Dery Patent.  (Doc. 38 at 8).  The rejections were affirmed by the PTO's

Board of Patent Appeals, and the '829 Patent eventually issued without those two claims.  (Doc.

38 at 8).

Subsequently, according to Lear, Omega submitted a patent application that included a claim that was essentially indistinguishable from the two claims that had been rejected in the application for the '829 Patent.  (Doc. 38 at 8).  This subsequent application resulted in the issuance of U.S. Patent No. 7,031,826 (the "'826 Patent").  Lear contends that Omega failed to disclose the Dery reference and the decision of the Board of Patent Appeals to the examiner of the application for the '826 Patent.  (Doc. 38 at 9).  Lear makes similar allegations as to two other Omega patent applications for which the '826 Patent served as a parent.  (Doc. 38 at 8).

Omega argues that there is no evidence of an intent on its part to deceive because all three of the patents' applications made reference to the '829 Patent; because  the evidence shows that the examiner was aware of that patent; and because the Manual of Patent Examination Procedures ("MPEP") instructs applicants that they need not resubmit information that had been considered with a parent application.  Lear, in turn, responds that Omega filed a misleading declaration which led the examiner to overlook the Dery Patent and the Board of Patent Appeals' decision.

After this (greatly simplified) review of the arguments on both sides, the Court finds that it cannot resolve this question solely by reference to the pleadings or matters of which the Court may take judicial notice.  As such, the Court would be required to treat the instant motion as one for summary judgment under Rule 56.  However, given the early stage of the proceedings and the relative lack of discovery, it would be premature to consider such a motion at this time.  Omega may raise this argument again after the parties have had an opportunity for discovery on this point

– assuming that such discovery does not convince Lear that Rule 11 requires it to withdraw its affirmative defense and counterclaim. Accordingly, it is hereby

ORDERED that the Motion for Judgment on the Pleadings (Doc. 42) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 20, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party